UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SIMONA BROWN | * | CIVIL ACTION NO. 22-4659 |
| VERSUS | * | SECTION: "A"(1) |
| OCHSNER CLINIC FOUNDATION AND XYZ CORPORATION | * | JUDGE JAY C. ZAINEY |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

### ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 28)** filed by Defendant, MillerKnoll, Inc. Plaintiff, Simona Brown, opposes the motion. The motion, submitted for consideration on September 13, 2023, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

At all times relevant to this suit, Simona Brown worked as a phlebotomist at the Ochsner Health Center. (Petition, Rec. Doc. 1-7, ¶ 5). On March 4, 2021, while working, she opened a cabinet at her workstation to retrieve a pair of gloves. (*Id.* ¶¶ 5, 8). Upon opening the cabinet, the cabinet door and a corresponding metal component detached from the wall, falling onto her. (*Id.* ¶ 8). She suffered injuries to her neck, shoulders, and back. (*Id.* ¶ 10). Following the incident, she underwent shoulder surgery twice, and still experiences pain in these areas today.[1] (Deposition of Simona Brown, Rec. Doc. 28-4, at 50-51, 57). Here, Brown claims that MillerKnoll, as the manufacturer and alleged installer of these cabinets, is liable for her injuries under theories of negligence and product liability. MillerKnoll has moved for summary judgment

---

[1] Prior to this suit, Brown filed a worker's compensation claim against Ochsner, her employer at the time of her injury, which has settled. (Deposition of Simona Brown, Rec. Doc. 28-4, at 56).

1

on the basis that Brown has not produced and is unable to produce sufficient evidence to create a genuine question of material fact as to either of these claims.

 Summary judgment is proper where there is "no genuine dispute of material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That is, it is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the nonmovant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmovant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

 When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the nonmovant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to

support a nonmovant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

A party may move for summary judgment before discovery is complete. In fact, "Rule 56 does not require that *any* discovery take place before summary judgment can be granted." *Washngton v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (emphasis added). Where the requested discovery is not likely to produce the facts necessary to survive a motion for summary judgment, such a motion may be granted. *Id.* A nonmovant may survive summary judgment under these circumstances through Rule 56(d) (formerly 56(f)), which allows the nonmovant to show that it cannot currently present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). However, to obtain such relief, "the nonmovant must present specific facts explaining [their] inability to make a substantive response." *Id*. This response should take the form of an affidavit or declaration, but failure to comply with that procedure does not preclude relief. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

In opposition to the motion for summary judgment, Brown argues that the time for discovery has not yet lapsed. Brown recently added a new defendant in this matter,[2] and has expressed her intent to depose Eddie Desroche, whose affidavit was provided by MillerKnoll alongside this motion, and two former Ochsner employees. The former employees, who are named in Brown's opposition memorandum, were the last people to handle the cabinet prior to its destruction. Although MillerKnoll is correct in stating that it is not liable for spoliation of the cabinets, the Court presumes that these employees may have personal knowledge about the cabinets themselves, whether they bore warning labels, whether there was significant deterioration of the cabinets, and the like. Additionally, Brown notes in her Statement of

---

[2] In July of 2023, Brown amended her complaint to add MISSCO Corp. in this litigation (Rec. Doc. 26). MISSCO has not yet made an appearance.

3

Contested Material Facts (Rec. Doc. 31-1) that "Ochsner Health Clinic may have additional information regarding the model number, serial number and other identifying information on the cabinets," which could potentially be provided by the Ochsner employees she wishes to depose.

Brown also intends to depose Mr. Desroche, contending that his experience with MISSCO and knowledge surrounding the installation of MillerKnoll's office equipment may provide facts supportive of her claims. In response, MillerKnoll asserts that MISSCO was responsible for installation of the equipment, and Mr. Desroche's affidavit states that MillerKnoll was not involved in the installation of cabinets during that time. Nevertheless, Brown has the right to depose Mr. Desroche to gather additional facts about the installation and the arrangement MillerKnoll allegedly had with MISSCO.

Although the Court notes that MillerKnoll provided persuasive reasoning in support of its motion, the Scheduling Order (Rec. Doc. 13) provides for discovery until December 5, 2023. Brown has named three individuals she intends on deposing to gather additional facts in support of her case. Because there is significant time remaining in discovery under the Scheduling Order, the Court will provide Brown with the remainder of that time to conduct the desired discovery. However, MillerKnoll will have the opportunity to raise this challenge again at the close of discovery, should it choose to do so.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 28)** filed by Defendant, MillerKnoll, Inc., is **DENIED WITHOUT PREJUDICE** as explained above.

October 5, 2023

	JAY C. ZAINEY
	UNITED STATES DISTRICT JUDGE